IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUNIL SINGH,                                    :        Case No. 1:13cv411
                                                :
            Plaintiff,                          :        Chief Judge Susan J. Dlott
                                                :
      v.                                        :
                                                :        ORDER DENYING THE MOTION TO
INSURANCE COMPANY OF THE                        :        DISMISS OR TRANSFER AND
STATE OF PENNSYLVANIA,                          :        GRANTING IN PART THE MOTION
                                                :        TO STRIKE
            Defendant.                          :

      This matter is before the Court on the Motion to Dismiss, or in the Alternative Transfer

Venue and Strike filed by defendant Insurance Company of the State of Pennsylvania.  Doc. 13.

For the reasons that follow, the Court hereby **DENIES** the motion to dismiss or transfer, but

**GRANTS IN PART** the motion to strike paragraphs from the Complaint.

## I.     BACKGROUND

      Plaintiff Sunil Singh is a citizen of India and a resident of Finland.  Compl. ¶ 1.

Defendant Insurance Company of the State of Pennsylvania ("ISOP") is a Pennsylvania company

with its principal place of business in New York.  *Id*. ¶3; Doc. 19 at Page ID # 133.

      Plaintiff's wife, Tiina Singh, a citizen of Finland, purchased three travel insurance

policies prior to departing for an extended trip to India.  Compl. ¶¶ 8, 9.  All three policies are

insured by ISOP.  *Id*. ¶¶ 12, 15, 17.  Mrs. Singh purchased two of the policies over the internet

from Global Underwriters Agency, Inc. ("Global Underwriters"), a Cincinnati-based insurance

broker that is not a party to this action.  *Id*. ¶ 9; *Id*. Ex. 1, Doc. 1-1 Page ID # 14.  Mrs. Singh

purchased the third policy over the internet from Seven Corners, Inc. ("Seven Corners"), an

insurance broker based in Indiana that is also not a party to this action.  Compl. ¶ 9.  Plaintiff is

the named beneficiary on all three policies.  *Id*. ¶ 41.

On March 16, 2011, during the policy period for each of the three policies, Mrs. Singh was struck by a hit-and-run driver while traveling on a motorcycle in India.  *Id.* ¶¶ 12, 15, 17, 20. On March 17, 2011, Plaintiff notified Seven Corners of the accident and of Mrs. Singh's condition.  *Id.* ¶ 21.  Plaintiff did not notify Global Underwriters at that time because he was either unaware of or could not locate any information regarding the two additional policies.  *Id.* Mrs. Singh died on March 22, 2011 as a result of her injuries.  *Id.* ¶ 23.

Plaintiff immediately notified Seven Corners of Mrs. Singh's death.  *Id.* at ¶ 24.  Days later, Plaintiff located or became aware of the two other policies and subsequently contacted Global Claims Administration, LLC ("Global Claims"), a third-party-claims administrator for the two policies Mrs. Singh purchased through Global Underwriter's website.  *Id.* ¶ 4, 27.  Global Claims is an Ohio company with an office in Cincinnati.  Doc. 15-1 at Page ID # 113.  On or about March 31, 2011, Plaintiff sent Global Claims copies of his wife's death certificate, autopsy report, a police report, and the hurt certificate from the hospital in India.  Compl. ¶ 27.

Over a span of roughly eighteen months, Plaintiff communicated with Yolanda Williams from Global Claims about the status of his claims.  *Id.* ¶¶ 27–36.  Ms. Williams repeatedly told Plaintiff that Global Claims was waiting on a finalized police report before processing the claim. *Id.* ¶¶ 31, 33.  When Global Claims failed to contact Plaintiff for approximately ten months, Plaintiff retained counsel in the United States to assist him.  *Id.* ¶¶ 33–36.  After Plaintiff's counsel sent representation letters to both Seven Corners and Global Claims, ISOP's counsel contacted Plaintiff's counsel.  *Id.*  As of the filing of the Complaint, ISOP has not paid the claims, denied the claims, or requested any additional information in order to evaluate the claims.  *Id.* ¶ 39.

On June 13, 2013, Plaintiff filed a complaint against ISOP seeking declaratory relief, breach of contract, and bad faith.  Doc. 1.  On September 9, 2013, ISOP filed a motion asking the Court to dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406, or to transfer the action to the District of Columbia pursuant to 28 U.S.C. § 1404(a).  ISOP also asks the Court to strike certain paragraphs in the Complaint.

## II.    MOTION TO DISMISS FOR IMPROPER VENUE

Pursuant to 28 U.S.C. § 1391, venue is proper if brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).

ISOP argues that venue is improper in the Southern District of Ohio because a substantial part of the events giving rise to Plaintiff's claims did not occur in the Southern District of Ohio. In support of this argument, ISOP relies on the following facts: the parties do not reside in Ohio, nor did the insured; the master policies were issued in the District of Columbia, not Ohio; and Mrs. Singh died in India, not Ohio.[1]  Doc. 13 at Page ID # 62.

Plaintiff argues that venue here is proper because a substantial part of the events giving rise to his claims did occur here.  Specifically, Plaintiff points to the following facts: Mrs. Singh purchased two of the three policies at issue from the website of Global Underwriters, an Ohio company with offices in Cincinnati; Mrs. Singh received certificates of insurance issued from Global Underwriter's Cincinnati office ; Plaintiff submitted claims and supporting documentation to Global Underwriter's Cincinnati office; Plaintiff communicated via email with Yolanda Williams, a Senior Claims Analyst for Global Claims, which is also based in Cincinnati.

---

[1]  ISOP has not directly challenged personal jurisdiction in this district.

Doc. 15 at Page ID # 4–6.  These events, Plaintiff argues, form the basis of his claims and make venue proper in this Court.

The Court finds that venue here is proper.  As Plaintiff notes, a substantial part of the events giving rise to his claims did occur in Ohio: two of the three insurance policies at issue were purchased from the website of a Cincinnati company; Plaintiff submitted claims, supporting documentation and communicated via email with ISOP's Cincinnati-based claims administrator; and, according to Plaintiff, the alleged breach of contract and bad faith occurred, if anywhere, in Ohio.  The Court **DENIES** the motion to dismiss on the basis of improper venue.

## III.    MOTION TO TRANSFER

ISOP alternatively asks this Court to transfer the action to the District of Columbia pursuant to 28 U.S.C. § 1404(a).  In arguing for a transfer to the District of Columbia, ISOP states that the master policies were issued from the District of Columbia and that numerous witnesses reside outside of Ohio, including some from the District of Columbia who have knowledge of the master policies.

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court."  *Kay v. National City Mortgage Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  "Once it is determined that a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)."  *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002).

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses.  "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to

4

warrant upsetting the Plaintiff's choice of forum." *Hobson v. Princeton–New York Investors, Inc.*, 799 F. Supp. 802, 805 (S.D. Ohio 1992).

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. *West American Insurance v. Potts*, 908 F.2d 974, 1990 WL 104034 at *2 (6th Cir. 1990).

Here, ISOP has failed to make the requisite strong showing. Although the master policies were issued from the District of Columbia, the Court finds that the following facts weigh against a transfer: Mrs. Singh purchased two of the policies from the website of ISOP's plan administrator, located in Cincinnati, Ohio, Plaintiff communicated exclusively with ISOP's claims administrator, also located in Cincinnati, Ohio, and, most importantly, ISOP has not explained why the District of Columbia would be any more convenient than the Southern District of Ohio. There are witnesses in both jurisdictions. While it is true that neither Plaintiff nor ISOP resides in Ohio, it is also true that neither party resides in the District of Columbia. The Court acknowledges that the parties' contacts in Ohio appear somewhat attenuated; however, the parties' contacts with the District of Columbia are even more so.

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404. *Hayes v. Chesapeake & Ohio Railway Co.*, 374 F. Supp. 1068 (S.D. Ohio 1973). After reviewing the facts of this case, the Court finds Plaintiff's arguments compelling and is not satisfied that ISOP has shown that the factors for transfer of venue weigh heavily in their favor. Therefore, the Court **DENIES** the motion to transfer venue.

## IV.     MOTION TO STRIKE

ISOP also moves to strike paragraphs 37, 38, and 48 of the Complaint.  In support of this proposition, ISOP cites Ohio case law to the effect that violation of Ohio's insurance statutes and corresponding Administrative Code provisions is not relevant to establishing an insurer's bad faith.  *See Furr v. State Farm Mut. Ins. Co.*, 128 Ohio App. 3d 607, 616, 716 N.E. 2d 250 (Ohio Ct. App. 6 Dist. 1998) ("Milwaukee argues that the Ohio Administrative Code does not create a cause of action for violation of its rules and, therefore, should not be considered as evidence of bad faith.  We agree."); *Griffith v. Buckeye Union Ins. Co.*, Case No. 86AP-1063, 1987 WL 17805, at *6 (Ohio Ct. App. 10 Dist. Sept. 29, 1987) ("The Ohio Department of Insurance rules, however, do not create a private cause of action, but are regulatory in nature. Thus, the rules cannot be considered evidence of the applicable standard of bad faith.").

Following these decisions, the Court finds that the alleged violations of Ohio statutes and Administrative Code provisions on insurance are immaterial to Plaintiff's bad faith claim.  *See also Retail Ventures, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, Case No. 2:06-CV-00443, 2007 WL 943011 (S.D. Ohio March 27, 2007) (striking paragraphs referencing the Ohio Administrative Code from a complaint as immaterial to bad faith claim).  Consequently, the Court will order all references to the Ohio Administrative Code provisions in paragraphs 37 and 48 to be stricken.[2]

---

[2]  ISOP also moves to strike paragraph 38 of the Complaint.  Because paragraph 38 does not directly reference the Ohio Administrative Code provisions, the Court will not order paragraph 38 to be stricken.

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** the motion to dismiss and the motion to transfer venue but **GRANTS IN PART** the motion to strike portions of paragraphs 37 and 48 from the Complaint.

IT IS SO ORDERED.

_____s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court